**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LABORERS' PENSION FUND and     )
LABORERS' WELFARE FUND OF THE    )
HEALTH AND WELFARE DEPARTMENT  )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF    )
CHICAGO AND VICINITY, and JAMES S. )
JORGENSEN, Administrator of the Funds, )
                                    )
         **Plaintiffs,**       )
                                      )    **Case No. 14 C 5078**
     **v.**                      )
                                      )    **Judge Robert M. Dow, Jr.**
CHICAGO ASPHALT PATCHING, INC.,   )
and MARK HOFFMANN,           )
                                      )
         **Defendants.**     )
                                      )

**PLAINTIFFS' MOTION FOR PROVE UP OF DAMAGES**

Plaintiffs, the Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity and

James S. Jorgensen (collectively the "Funds"), pursuant to Rule 55 of the Federal Rules of Civil

Procedure, by their attorneys, move for Judgment of Damages in Sum Certain against Defendants

Chicago Asphalt Patching, Inc. (the "Company") and Mark Hoffmann ("Hoffmann"). In support of

this Motion, Plaintiffs, by their attorneys state:

      1.     On July 3, 2014, Plaintiffs filed a complaint under Sections 502(e)(1) and (2) of the

Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section

301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C.

§1331 alleging that at all material times the Defendants have an obligation, arising from a collective

1

bargaining agreement to make contributions to Plaintiffs' Funds, to submit to an audit upon demand and to obtain and maintain a surety bond (See, Dk #1, the Complaint with its attached Exhibit A, the CBA). In the Complaint, Plaintiffs specifically alleged that Defendants had failed to report and pay all contributions covering the period from June 16, 2011 through March 31, 2012, pursuant to a Settlement Agreement (Dk. #1 attached Exh. B) and Installment Note (Dk. #1 attached Exh. C), and that Hoffmann was being sued in his individual capacity because as the Company's president he had signed a personal guaranty to pay the contributions for that period to the Funds, as shown in an audit, and to timely report and pay ongoing monthly contributions owed to the Funds from April 1, 2012 through the present (Dk. #1 attached Exh. D, Personal Guaranty).

2.      Plaintiffs also specifically alleged that the Company was an Illinois corporation that was no longer in good standing, according to the Secretary of State.

3.      Plaintiffs requested relief included producing books and records for an audit, covering the period from April 1, 2012 through May 31, 2014.

4.      As established by the Laborers' Field Representative, John Bronson, the independent auditing firm of Calibre CPA Group, PLLC was selected to perform the review of the Company's books and records for the audit period (See attached, Exhibit B, Bronson Affidavit at ¶5).

5.      The audit report, dated August 1, 2014, reflected a total of $117,827.39 in principal contributions and Union dues owed for the audit period (See attached Exhibit A, the Audit). Hoffmann presented objections to these audited findings. Plaintiffs reviewed the supporting evidence, and revised the audit accordingly, reflecting $66,273.94 remained owed for principal contributions and Union dues (See attached Exhibit C, p.1 Revised Audit Summary Report).

6.      On September 30, 2014, the undersigned filed executed waivers of service from the

Company and Hoffmann (See, Dk. #8 and #9).

7. Defendants submitted their October 2014 work hour report and Union dues report, but failed to pay either of these reports. Thus, according to Defendants' own reports for October 2014, the amount of $4,870.14 is also owed for principal contributions and Union dues (See attached Exhibit C, p.2, Summary Report of October 2014).

8. On December 2, 2014, the Court entered a default against the Company and Hoffmann for their failure to appear, answer or otherwise plead to the complaint (Dk. #11).

9. According to the Collective Bargaining Agreement and the Trust Agreements to which the Defendants are bound, payment is also owed for liquidated damages in the amount of twenty (20) percent of the unpaid or late contributions to the Welfare, Pension, and Training funds, and ten (10) percent of the principal amount of delinquent contributions to the LDCLMCC, ISPA and LECET funds, and for Union dues. As such, liquidated damages are owed in the amount of $12,693.48 to the Welfare, Pension and Training funds, for the audit period and in the amount of $917.44 for the October 2014 report. Liquidated damages are owed to LDCLMCC, ISPA and LECET funds and for the Union dues fund in the amount of $280.66 for the audit period and $28.30 for the October 2014 reports. Additionally, accumulated penalty in the amount of $195.60 is owed for prior untimely payment(s), plus interest is calculated at twelve (12) percent and is owed for all delinquencies excluding union dues. To date, accumulated interest is owed in the amount of $10,215.95 for the audit period and $323.21 is owed for as yet unpaid October 2014 reports. (See Exhibit B, Bronson Affidavit at ¶8-¶10; Exhibit C, Summary Reports).

10. Defendants are also obligated to pay $1006.25 for the audit cost based on the respective Trust Agreements to which they are bound. (See Exhibit A, Audit Report; Exhibit B,

Bronson Affidavit at ¶6; Exhibit C, p.1, Summary Report).

11.     Additionally, Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B).  The undersigned's attached affidavit establishes the amount of attorneys' fees incurred in this matter are $7,590.00 and $470.00 in costs, which consists of service and filing fees. (See Exhibit D, Schumann Affidavit, and Exhibit D1, Attorney fee report).

**WHEREFORE,** Plaintiffs request that the Court enter a judgment order for damages in the total amount of $104,864.97 to be entered against Defendants, Mark Hoffmann and Chicago Asphalt Patching, Inc., and in the favor of the Funds.  Further, Plaintiffs request the Court order Defendants to comply with its obligations to report hours of covered employees on a monthly basis and pay current contributions as they become due as required under the collective bargaining agreements and, within 90 days of the date of the order, provide written proof that it has obtained a surety bond to Plaintiffs' counsel, Sara S. Schumann, Esq., Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606.

Respectfully submitted,

    /s/  Sara S. Schumann
*One of Plaintiffs' attorneys*

Karen I. Engelhardt
Sara S. Schumann
ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street, Suite 2600
Chicago, IL 60606
(312) 364-9400

June 18, 2015